AO 245B (Rev. 6/05 - Judgment in a Criminal Case

# Date of Original Judgment:  March 19, 2008

(Or Date of Last Amended Judgment)

**Reason for Amendment:**

[ ] Correction of Sentence on Remand (Fed.R.Crim.P.35(a))
[ ] Reduction of Sentence for Changed Circumstances (Fed. R.Crim.P.35(b))
[ ] Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35©
[ ] Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36)

[ ] Modification of Supervision Conditions (18 U.S.C § 3563© or 3583(e))
[ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. §3582(c)(1))
[ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
[X] Direct Motion to District Court Pursuant to [ ] 28 U.S.C. § 2255,
    [ ] 18 U.S.C. § 3559(c)(7), or [X] Modification of Restitution Order

## United States District Court
### Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>v.<br>**WILLIAM JULIAN** | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>USDC Case Number: CR-05-00611-007 WHA<br>BOP Case Number: DCAN305CR000611-007<br>USM Number: 90273-111<br>Defendant's Attorney: Michael Berger |

**THE DEFENDANT:**

[x]   pleaded guilty to count(s): <u>One of the Superseding Indictment</u>.
[ ]   pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349 | CONSPIRACY TO COMMIT MAIL FRAUD | JULY 2005 | ONE |

The defendant is sentenced as provided in pages 2 through <u>9</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on count(s) ___.

[x]   Remaining Count(s) <u>of the Superseding Indictment</u> are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

March 18, 2008
Date of Imposition of Judgment

*[signature]*
Signature of Judicial Officer

Honorable William Alsup, U. S. District Judge
Name & Title of Judicial Officer

June 5, 2008
Date

DEFENDANT:      WILLIAM JULIAN                                              Judgment - Page 2 of 9
CASE NUMBER:    CR-05-00611-007 WHA

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 60 months .

[x]     The Court makes the following recommendations to the Bureau of Prisons:

Court recommends the defendant be designated to a facility located in South Carolina to be near his family. Court further recommends that the defendant not be designated to the same facility as co-defendants Dale Scott Heineman and Kurt Johnson.

[**x**]   The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.

[ ]     The defendant shall surrender to the United States Marshal for this district.

   [ ]  at ___ [] am [] pm on ___.
   [ ]  as notified by the United States Marshal.

   The appearance bond shall be deemed exonerated upon the surrender of the defendant.

[ ]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   [ ]  before 2:00 pm on ___.
   [ ]  as notified by the United States Marshal.
   [ ]  as notified by the Probation or Pretrial Services Office.

   The appearance bond shall be deemed exonerated upon the surrender of the defendant.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy United States Marshal

| | | |
|---|---|---|
| DEFENDANT: | WILLIAM JULIAN | Judgment - Page 3 of 9 |
| CASE NUMBER: | CR-05-00611-007 WHA | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  5 years .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

 The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

[ ]	The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)

[**x**]	The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check if applicable.)

[**x**]	The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]	The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]	The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1) The defendant shall not leave the judicial district without permission of the court or probation officer;
2) The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation,  unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | WILLIAM JULIAN | Judgment - Page 4 of 9 |
| CASE NUMBER: | CR-05-00611-007 WHA | |

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons and shall not be present in a vehicle where the defendant knows any firearm or ammunition is present.

2) Unless directed in writing otherwise, the defendant shall check his voicemail and /or answering machine on a daily basis to determine if any instructions were left by the probation officer. The defendant shall follow all such instructions, including but not limited to drug testing.

3) The defendant shall pay any restitution and special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

4) The defendant shall provide the probation officer with access to any financial information, including tax returns, and shall authorize the probation officer to conduct credit checks and obtain copies of income tax returns.

5) The defendant shall not maintain a position of fiduciary capacity, without the prior permission of the probation officer.

6) The defendant shall not be employed in any capacity in which he is involved in any real estate transactions, without the prior approval of the probation officer.

7) The defendant shall participate in a mental health treatment program, as directed by the probation officer. The defendant is to pay part or all costs of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the probation officer.

8) The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

9) The defendant shall not have contact with any co-defendant, in this case namely, Kurt F. Johnson, Dale Scott Heineman, Farrel J. LeCompte, Jr., Sara J. Magoon, and Charles Dewey Tobias.

10) The defendant shall cooperate in the collection of DNA as directed by the probation officer.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| DEFENDANT: | WILLIAM JULIAN | Judgment - Page 5 of 9 |
|---|---|---|
| CASE NUMBER: | CR-05-00611-007 WHA | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ 0 | $ 150,000.00 |

[ ]   The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[**x**]   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT: WILLIAM JULIAN  
CASE NUMBER: CR-05-00611-007 WHA  

Judgment - Page 6 of 9

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Donna Sanderson<br>12935 Ruth Haven Dr<br>Mint Hill, NC 28227 | $3,500.00 | $3,500.00 | |
| Gayle Bradshaw<br>3700 Orchard Lane<br>Sacramento, CA 95821 | $4,000.00 | $4,000.00 | |
| Mary Ann Greco<br>116 Sandhurst Dr<br>Simpsonville, SC 29680 | $4,025.00 | $4,025.00 | |
| Ricque Lydem<br>1818 S Gardenia Place<br>Broken Arrow, OK 74012 | $2,030.00 | $2,030.00 | |
| Jerry & Wendy Pustejovsky<br>103 South Creek Dr<br>Belleville, TX 77418 | $4,735.00 | $4,735.00 | |
| Anthony Cho<br>2086 Foothill Dr<br>Fullerton, CA 92833 | $3,338.00 | $3,338.00 | |
| Darwin Cosand<br>613 Buckingham Ave<br>Flint, MI 90019 | $3,700.00 | $3,700.00 | |
| Ryan Burns<br>500 Market St E<br>Honey Grove, TX 75446 | $2,000.00 | $2,000.00 | |
| Patrick Bateman<br>80 Chestnut St<br>Highspire, PA 17034 | $21,185.00 | $21,185.00 | |
| David Hubbard<br>353 Wolfcreek School Road<br>Pickens, SC 29671 | $2,500.00 | $2,500.00 | |
| Elvin Brown<br>160 Frederick Ave<br>South Floral Park, NY 11001 | $5,700.00 | $5,700.00 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| DEFENDANT: | WILLIAM JULIAN | | | Judgment - Page 7 of 9 |
|---|---|---|---|---|
| CASE NUMBER: | CR-05-00611-007 WHA | | | |

| | | |
|---|---|---|
| Rhonda Tapper<br>561 Old Rifle Range Road<br>Petal, MS 39465 | $3,000.00 | $3,000.00 |
| Margie Jarboe<br>16016 W. Desert Vista Trail<br>Surprise, AZ 85387 | $3,500.00 | $3,500.00 |
| Don Purvis<br>P.O. Box 13335<br>Jackson, MS 39236 | $5,700.00 | $5,700.00 |
| Terry Skov<br>P.O. Box 441<br>Johnstown, CO 80534 | $8,367.00 | $8,367.00 |
| Marie Du Charme<br>11311 E. 17th Street<br>Tulsa, OK 74128 | $4,215.00 | $4,215.00 |
| Totals: | $ 81,495.00 | $ 81,495.00 |

[x] Restitution amount ordered pursuant to plea agreement $ 150,000

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [ ] the interest requirement is waived for the    [ ] fine    [ ] restitution.

    [ ] the interest requirement for the    [ ] fine    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:     WILLIAM JULIAN                                                           Judgment - Page 8 of 9
CASE NUMBER:   CR-05-00611-007 WHA

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [ ]  Lump sum payment of $ due immediately, balance due

   [ ]   not later than ____, or

   [ ]   in accordance with ( ) C, ( ) D, ( ) E or ( ) F below; or

B  [x]  Payment to begin immediately (may be combined with ( ) C, ( ) D, or (x) F below); or

C  [ ]  Payment in equal ____ (e.g. weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in equal ____ (e.g. weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will commence within (e,g, 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [x]  Special instructions regarding the payment of criminal monetary penalties:
   **It is further ordered that the defendant shall pay to the United States a special assessment of $100, which shall be due immediately. While incarcerated, payment of criminal monetary penalties are due during imprisonment at the rate of not less than $25 per quarter. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.**

   If is further ordered that the defendant shall pay restitution totaling $150,000, which shall be due immediately. **Defendant shall pay restitution totaling $81,495 to the Clerk of U.S. District Court, to be distributed to the payees. The remaining $68,505 in restitution payment required pursuant to the Plea Agreement is not earmarked for distribution to any specific victim.**

   While incarcerated, payment of restitution is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Restitution payments shall be made to the Clerk of U.S. District Court, Attention: Financial Unit, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102, in minimum $200 monthly payments. **The first payment shall be due 60 days after defendant is released from custody of the Bureau of Prisons. The amount of the monthly payment may be modified at the discretion of U.S. Probation**.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| DEFENDANT: | WILLIAM JULIAN | Judgment - Page 9 of 9 |
| CASE NUMBER: | CR-05-00611-007 WHA | |

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
|  |  |  |  |  |

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.